UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| ROBERT J. GRANT, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | Civil Action No. 6: 05-486-DCR |
| | ) | (Criminal Action No. 6: 04-03-DCR) |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent/Plaintiff. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the Petitioner's *pro se* "Motion to Vacate Sentence" pursuant to 28 U.S.C. § 2255. [Record No. 28] Consistent with local practice, this matter was referred to United States Magistrate Judge J. B. Johnson, Jr. for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Report and Recommendation on April 11, 2006. Based on his review of the record and the applicable law governing the Petitioner's motion pursuant to 28 U.S.C. § 2255, the Magistrate Judge recommended that the motion be denied. Neither the Petitioner nor the Respondent have filed objections to the Magistrate Judge's Report and Recommendation.

The Magistrate Judge noted that the Petitioner, as part of his plea agreement, waived his right to appeal and collaterally attack his conviction and guilty plea and that such waiver was knowing and voluntary. Further, the Magistrate Judge noted that, at the time the Petitioner decided to enter a guilty plea, this Court fully informed him of the terms of his plea agreement and made sure that he had not been promised a particular sentence. In support of his § 2255

motion, the Petitioner argues that his guilty plea was not knowing, voluntary and intelligent because his trial counsel was ineffective.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, the Court, has examined the record and made a *de novo* determination.

"It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Calderon*, 388 F.3d 197, 200 (6th Cir. 2004) (citing *United States v. Fleming,* 239 F.3d 761, 763-64 (6th Cir. 2001)). A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently by the defendant. *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.")

Rule 11 of the Federal Rules of Criminal Procedure requires that a district court verify that a defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and

the factual basis for concluding that the defendant committed the crime charged. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir. 1988). "[A] plea does not qualify as intelligent unless a criminal defendant first receives real notice of the true nature of the charge against him." *Bousley v. United States,* 523 U.S. 614 (1998) (internal quotation and citation omitted).

Here, the Petitioner alleges that his trial counsel misadvised him with respect to the length of his sentence and whether his federal sentence would run concurrent or consecutive to his state sentence. However, in *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999), the Sixth Circuit held that a trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. In this case, there is nothing in the record to suggest that the Petitioner misunderstood the scope of his waiver of right to appeal and collaterally attack his conviction and guilty plea. The Petitioner indicated at his plea hearing that he had reviewed the plea agreement with counsel, that he understood all of the agreement's provisions, and that his guilty plea was not coerced. Moreover, the record reflects that the Petitioner was fully aware that no particular sentence could be promised and that the undersigned would determine the final sentence. Therefore, even if the Petitioner was misinformed by counsel as he alleges, he is not entitled to habeas relief.

The Petitioner further alleges that his counsel failed to object to the Presentence Report and failed to file an appeal. However, as correctly noted by the Magistrate Judge, the Petitioner has failed to show that counsel's performance was objectively deficient to satisfy a claim for ineffective assistance of counsel based on these claims. *See Strickland v. Washington*, 466 U.S. 668 (1984).

For the reasons stated herein and those set forth in the Magistrate Judge's report and recommendation, the Court finds that the Petitioner is not entitled to habeas relief. Accordingly, it is hereby **ORDERED** as follows:

1. The statement of facts and legal conclusions contained in the United States Magistrate Judge's Report and Recommendation [Record No. 45] are **ADOPTED** and **INCORPORATED** herein by reference;

2. The Petitioner's "Motion to Vacate or Set Aside Sentence" [Record No. 28] is **DENIED**. The Petitioner's habeas action shall be **DISMISSED** with prejudice;

3. A certificate of appealability shall not issue because the Petitioner has not made a substantial showing of the denial of any substantive constitutional right;

4. Judgment will be entered contemporaneously with this opinion and order in favor of the Respondent/Plaintiff United States of America.

This 26th day of April, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge