UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 6: 04-03-DCR |
| Plaintiff, ) | and |
| ) | Civil Action No. 6: 05-486-DCR |
| V. ) | |
| ) | |
| ROBERT J. GRANT, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter comes before the Court for consideration of Petitioner/Defendant Robert J. Grant's Objections to the Report and Recommendations [Record No. 48] and for consideration of his motion for a certificate of appealability ("COA") and leave to appeal *in forma pauperis*. ("IFP") [Record No. 50, 51]  Because his objections were not timely filed in this Court, they will be denied.  In addition, because this Court has already determined that leave to appeal IFP should not be granted and ruled that a COA should not be issued, these motions will be denied once more.

**ANALYSIS**

    **1.**    **Grant's Objections to the R&R Were Filed After the Time for Objections Had Run, and After the Court Dismissed His Petition.**

Plaintiff's underlying action was a motion to vacate or set aside sentence pursuant to 28 U.S.C. §2255.  The matter was referred to Magistrate Judge J.B. Johnson, Jr. for a Report and Recommendation. (R&R) Magistrate Judge Johnson issued his R&R on April 11, 2006, recommending that Grant's motion to vacate be denied and that no COA be issued.  [Record No.

46] Pursuant to applicable rules, Judge Johnson gave the parties ten days to file objections to his R&R, meaning that objections were due by April 26, 2006.

On April 27, 2006, the time having passed for objections to be filed, this Court issued an opinion adopting and incorporating Magistrate Judge Johnson's R&R, although the Court specifically noted that it had "examined the record and made a *de novo* determination." [Record No. 46, pg. 2]  The Court found that Grant had knowingly and voluntarily entered into the plea agreement with full knowledge of the possible sentence.  Further, to the extent there might have been confusion as to the plea, the Court's plea colloquy "cure[d] any misunderstandings that a defendant may have about the consequences of a plea." *Id.*, *citing Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999).  As a result, Grant could not establish a claim for ineffective assistance of counsel in his plea agreement.

As a part of this opinion, the Court ruled that a COA would not issue because "the Petitioner has not made a substantial showing of the denial of any substantive constitutional right." [Record No. 46, pg. 4]  The Court also entered a contemporaneous judgment which concluded that Grant should not be allowed to appeal IFP because it would not be in good faith. [Record No. 47]

On May 1, 2006, Grant tendered objections to the Magistrate Judge's R&R, well after the ten day period for filing objections had run. [Record No. 48]  As these objections were filed after the time for filing had expired, they are considered waived.  And to the extent they are construed as a motion for leave to file late objections, that relief will be denied.  Even if the Court had received these objections in a timely fashion, they would not have affected the

decision to adopt the R&R and dismiss Grant's motion to vacate. Grant's objections to the R&R are largely a restatement of his reply brief to the Magistrate Judge, which this Court considered in dismissing his petition. [Record No. 42] If anything, Grant's reply brief to the Magistrate Judge was more detailed than his proposed objections.

By filing his objections late, Grant has waived the right to have the Court consider those objections. However, *even if* the objections had been filed in a timely fashioned, they raise no new arguments not already raised in his reply brief, which the Court duly considered. Accordingly the objections to the R&R will be overruled.

### 2.   The Court Has Already Ordered That a Certificate of Appealability Should Not Issue, Nor Should Grant Be Allowed to Appeal *In Forma Pauperis.*

Grant filed his notice of appeal on May 11, 2006. However, it appears he filed the notice of appeal with the Sixth Circuit, rather than with this Court. [Record No. 53] Grant also filed motions for a certificate of appealability and for leave to appeal, both of which he also filed in the Sixth Circuit. [Record No. 50, 51]

As the Court noted above, Grant has made no showing that any substantive constitutional right was violated. The Court concluded in its opinion and contemporaneous judgment that a COA should not issue, nor should Grant be allowed to appeal IFP. [Record No. 46, 47] However, to the extent that the Petitioner/Defendant has renewed these issues, they will be denied for the reasons stated in the Court's April 26, 2006 opinion and judgment.

### CONCLUSION

The Court being sufficiently advised, it is hereby **ORDERED** that:

1. The Petitioner/Defendant's motion for leave to file late objections is **DENIED**. [Record No. 48]

2. The Petitioner/Defendant's motion for a certificate of appealability is **DENIED**. [Record No. 50]

3. The Petitioner/Defendant's motion for leave to proceed on appeal *in forma pauperis* is **DENIED**. [Record No. 51] The Petitioner/Defendant is granted thirty (30) days from the date of entry of this Order in which either to pay the appellate filing fee to the Clerk of this Court or move the Sixth Circuit for permission to proceed *in forma pauperis*, with an affidavit of indigency, as described in Federal Rule of Appellate Procedure 24(a)(1).

4. The Petitioner/Defendant is on notice that if he does not pay the entire filing fee or submit a motion to proceed on appeal *in forma pauperis* in the Sixth Circuit, as provided in Federal Rule of Appellate Procedure 24, within the thirty (30)-day period, the appellate court will dismiss the appeal for failure to prosecute.

5. The Clerk of this Court is directed to forward a copy of this Order to the Clerk of the Court of Appeals for the Sixth Circuit.

This 16th day of June, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge