UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ROBERT JAMES GRANT, | ) | |
| | ) | |
| Defendant/Petitioner, | ) | Criminal Action No. 6: 04-03-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Plaintiff/Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Robert James Grant's motion to vacate his conviction and judgment under 28 U.S.C. § 2255, and to be re-sentenced to a term of imprisonment of 108 months.  [Record No. 76]  Because the Court construes the current motion as a second or successive habeas petition under 28 U.S.C. § 2255, it will be transferred to the United States Court of Appeals for the Sixth Circuit in accordance with 28 U.S.C. § 2244[1] and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## I.

This Court denied Defendant Grant's initial motion for habeas corpus relief on April 26, 2006.  [Record No. 46]  In his § 2255 motion [Record No. 28], Grant argued that he received ineffective assistance of counsel because: (1) defense counsel misadvised him with respect to the

---

[1] Title 28 of the United States Code, Section § 2244(a)(3)(A), provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

-1-

length and concurrency of his sentences after entering a guilty plea in the case of *United States v. Grant*. [U.S. Dist. Court, E.D. Ky., S. Div. at London, Criminal No. 6: 04-03-DCR]; (2) defense counsel did not object to the presentence investigation report which, according to Petitioner, reflected an incorrect criminal history category resulting from a prior state law conviction, which he contends was improperly classified as a crime of violence; and (3) defense counsel did not file an appeal. [Record No. 28]  In rejecting Grant's arguments,[2] the Court held:

> Here, the Petitioner alleges that his trial counsel misadvised him with respect to the length of his sentence and whether his federal sentence would run concurrent or consecutive to his state sentence. However, in *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999), the Sixth Circuit held that a trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. In this case, there is nothing in the record to suggest that the Petitioner misunderstood the scope of his waiver of right to appeal and collaterally attack his conviction and guilty plea. The Petitioner indicated at his plea hearing that he had reviewed the plea agreement with counsel, that he understood all of the agreement's provisions, and that his guilty plea was not coerced. Moreover, the record reflects that the Petitioner was fully aware that no particular sentence could be promised and that the undersigned would determine the final sentence. Therefore, even if the Petitioner was misinformed by counsel as he alleges, he is not entitled to habeas relief.
>
> The Petitioner further alleges that his counsel failed to object to the Presentence Report and failed to file an appeal. However, as correctly noted by the Magistrate Judge, the Petitioner has failed to show that counsel's performance was

---

[2]  Additionally, the Court adopted and incorporated by reference the statement of facts and legal conclusions contained in the Report and Recommendation of former United States Magistrate Judge J. B. Johnson, Jr. [Record No. 45], in its April 26, 2006, Memorandum Opinion and Order. [Record No. 46]  The Court noted that the Petitioner did not file timely objections to the Magistrate Judge's Report and Recommendation despite being informed of the opportunity to object, the ten-day period in which to object, and the consequences of not objecting. [*Id.* at 1; *see also* Record No. 45, p. 15]  Disregarding these clear warnings, the Petitioner filed untimely objections to the Magistrate Judge's Report and Recommendation. [Record No. 48] However, the Court denied Petitioner leave to file late objections and denied Petitioner a certificate of appealability. [Record No. 54]

objectively deficient to satisfy a claim for ineffective assistance of counsel on these claims. *See Strickland v. Washington*, 466 U.S. 668 (1984).

[Record No. 46, pp. 3]

Grant appealed from the Court's April 26, 2006, decision denying him habeas relief [Record No. 49] but was unsuccessful.  On November 27, 2006, the United States Court of Appeals for the Sixth Circuit denied Grant's application for a certificate of appealability. [Record No. 55]  In denying his request, the court addressed – and rejected – all of Grant's assertions.  [*Id.*]  Specifically, the Sixth Circuit held:

> The court hereby denies Grant a certificate of appealability because he has not made a substantial showing of the denial of a federal constitutional right for the reasons set fort in the magistrate judge's report and recommendation of April 11, 2006, as adopted by the district court in its memorandum opinion and order of April 26, 2006.  *See* 28 U.S.C. § 2253(c)(2); *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).  Grant failed to satisfy the required showing by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

> Grant waived his right to appeal.  A party who does not file timely objections to a magistrate judge's report and recommendation, after being advised to do so, waives his right to appeal pursuant to the doctrine enunciated in *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  *See Thomas v. Arm*, 474 U.S. 140, 155 (1985).

[*Id.* at 2]

In lieu of seeking further review of the Sixth Circuit's opinion before the Supreme Court, Grant sought reconsideration and relief from this Court under Rule 60(b)(5) of the Federal Rules of Civil Procedure.  [Record No. 59]  In his Rule 60(b)(5) Motion, filed on June 7, 2010, Grant relied upon the holding in *Horne v. Flores*, __U.S.__, 129 S.Ct. 2579 (2009), for the proposition

that relief may be granted because of a change in the law.  Grant argued that it was no longer equitable to enforce the criminal judgment against him in light of the Supreme Court's holding in *Begay v. United States*, 553 U.S. 137 (2008), which redefined "crimes of violence" for the purpose of calculating sentencing guidelines.  Grant further asserted that in light of the *Begay* holding, his prior conviction for vehicular manslaughter is not a "crime of violence" because it was not malicious nor intentional and, therefore, he was improperly classified as a career offender in calculating his sentence.  [Record No. 59, pp. 6-9]  The Court found these arguments to be without merit.  [Record No. 61, pp. 3-5]

Despite rejecting Grant's argument, this Court denied his Rule 60(b) motion as being time-barred.  [*Id*. at 5]  In its July 19, 2010 Memorandum Opinion and Order, the Court held:

> Petitioner Robert Grant has previously filed a habeas petition seeking to challenge the identical issue he raises in his current motion: whether his sentencing guidelines were calculated correctly based on his criminal history.  However, both this Court and the Sixth Circuit have rejected his claims.  Grant's appeal became final when he failed to obtain review of the Sixth Circuit's determination in March 2007.  It is that Court's decision that he now seeks to challenge through his Rule 60 motion.  Notwithstanding Grant's arguments, the current challenge is subject to the one-year limitation contained in Rule 60(c) of the Federal Rules of Civil Procedure and, therefore, is time-barred.

[*Id*.]  Grant appealed this Court's ruling regarding his Rule 60(b) Motion to the Sixth Circuit, but he later withdrew his appeal on September 23, 2010.  [Record No. 71; *see also* Record No. 72, 73]

In addition to Grant's attempts to persuade this Court and the Sixth Circuit Court of Appeals to reclassify him as a non-career-offender for the purpose of calculating his sentencing guidelines, Grant has recycled a number of his § 2255 motion and Rule 60(b) motion arguments,

-4-

under the color of 28 U.S.C. § 2241 motions.  The presiding courts responsible for addressing these motions, however, have found all of these arguments to be without merit and have denied them accordingly.

On May 21, 2007, Grant filed a *pro se* motion for writ of habeas corpus under 28 U.S.C. § 2241.  Specifically, Grant challenged his 2004 conviction under the Fifth Amendment of the United States Constitution and the holding in *United States v. Lee*, 61 M.J. 627 (June 1, 2005). [U.S. Dist. Court, E.D. Ky., S. Div. at London, Civil No. 6: 07-179-DCR, Record No. 1]  In his petition, Grant stated ground for relief was that he "was convicted of Manufacturing Marijuana in violation of the laws and the Constitution of the United States where the most [he] could have been convicted of was attempt." [*Id.* at 6]  The Court, however, in its Memorandum Opinion and Order of May 22, 2007, characterized this pleading as a second or successive habeas corpus motion and directed the Clerk of the Court to transfer the proceeding to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for review and disposition.  [U.S. Dist. Court, E.D. Ky., S. Div. at London, Civil No. 6: 07-179-DCR, Record No. 3, pp. 5-6]  The Court noted that, despite this motion being filed "under the mantra of 28 U.S.C. § 2241 . . . [t]his would be [Grant's] second attempt to challenge his conviction, his first attempt having been undertaken on September 6, 2005, in his 2004 criminal proceeding . . . [and that] [g]iven the allegations in the § 2241 petition, the Court characterizes the petition as a 'second or successive habeas corpus application' governed by 28 U.S.C. § 2244." [*Id.*]

On June 20, 2007, Grant filed a motion with the Sixth Circuit Court of Appeals seeking permission to file a second § 2255 motion to vacate his sentence in the district court.  He stated

that he intended make the same argument as stated in his May 21, 2007 motion — that he "was convicted of Manufacturing Marijuana in violation of the laws and the Constitution of the United States where the most [he] could have been convicted of was attempt." On November 2, 2007, the Sixth Circuit denied Grant's motion for permission to file a second § 2255 motion to vacate his sentence. The Sixth Circuit held:

> Grant's motion does not satisfy the requirements of § 2244 because it is not based upon newly discovered evidence that is sufficient to establish, by clear and convincing evidence, that a reasonable factfinder would not have found him guilty of the federal crimes for which he was convicted, nor does it rely upon a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See In re Clemmons,* 259 F.3d 489,491 (6th Cir. 2001)

> In addition, we note that Grant expressly waived "the right to appeal and the right to attack collaterally [his] guilty plea and conviction" upon execution of his plea agreement. A waiver provision in a plea agreement is binding as long as it was made knowingly and voluntarily. *United States v. Fleming,* 239 F.3d 761,763-64 (6th Cir. 2001); *United States v. Ashe,* 47 F.3d 770,775-76 (6th Cir. 1995). Grant does not contend that his assent to the waiver provision contained in his plea agreement was unknowing or involuntary. Thus, in light of the waiver provision in his plea agreement, Grant may not challenge his guilty plea and convictions in a second or successive § 2255 motion to vacate sentence. *See In re Acosta,* 480 F.3d 421,422-23 (6th Cir. 2007).

[U.S. Dist. Court, E.D. Ky., S. Div. at London, Civil No. 6: 07-179-DCR, Record No. 4, pp. 2-3]

Additionally, Grant has tried to seek reconsideration of his sentence by filing a § 2241 motion in *Grant v. Pearson*, No. 09-149, 2010 U.S. Dist. LEXIS 4474, at *1 (S.D. Miss. May 6, 2010). In denying his § 2241 motion, the district court held that while his petition for writ of habeas corpus was styled as a § 2241 motion, Grant was actually attacking the validity of his sentence and not the manner of its execution and, therefore, Grant's petition was really a § 2255 motion. *Id.* at *4-5. The district court noted that:

In an effort to have his sentence reduced by the enhancements in his sentence because he was designated a career criminal, Grant alleges, as grounds for relief, that pursuant to *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008), he is actually innocent of the career offender designation. Grant alleges that pursuant to *Begay*, his unintentional and non-malicious vehicular manslaughter conviction as a result of driving under the influence of alcohol (DUI) no longer meets the requirements of a "Crime of Violence." See Memorandum in Support of 2241 Petition, pp. 4-7.

Grant filed the subject application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in an attempt to have his sentence altered. A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). Here, however, the petitioner is actually challenging the validity of the sentence he received. It is well established that "Section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. Immigration and Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997)(citing *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

*Id.* at *3-4.

In reaching the conclusion that Grant's petition was actually a § 2255 motion, the court held that it lacked jurisdiction to grant his successive § 2255 motion and, therefore, denied his motion.  The district court opined that:

The inability to meet the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), for second or successive petitions, is insufficient grounds for Grant to meet his burden. See *Pack*, 218 F.3d at 452-53 (citations omitted); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)(*per curiam*)(holding that successiveness does not make § 2255 ineffective or inadequate); *Reyes-Requena v. United States*, 243 F.3d 893, 902 (5th Cir. 2001) [5] (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (stating that the statute of limitations bar to a successive section 2255 motion, without more, is insufficient to demonstrate inadequacy or inefficacy)). More specifically, section 2255's "savings clause" applies to a claim of actual innocence that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first section 2255 motion. *Reyes-Requena,* 243 F.3d

at 904. Grant relies upon case law that has no retroactive application to his case; neither does he demonstrate that he was convicted of a nonexistent offense. Thus, his section 2241 petition does not fall within the savings clause of section 2255. *See Wesson v. United States Penitentiary, Beaumont, TX*, 305 F.3d 343, 347-48 (5th Cir. 2002). Grant's claim is also barred by the gatekeeping requirements of the AEDPA. Those gatekeeping provisions provide that a "second or successive motion must be certified … by a panel of the appropriate court of appeals to contain … a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. *See also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)(citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999)). Grant has not obtained such permission from the appropriate court of appeals to file a successive section 2255 motion, and should he obtain such permission, the successive section 2255 motion should be filed in his sentencing court, the Eastern District of Kentucky, and not this Court. Further, even assuming *Begay* stated a new rule of constitutional law, *Begay* does not apply retroactively.

*Id.* at *4-6.

Next, in August 2011, Grant filed a petition for a writ of *coram nobis* with the Sixth Circuit Court of Appeals. This petition was later denied. [Record No.75] As noted by the Sixth Circuit in its October 18, 2011, Order denying Grant's writ of *coram nobis*, Grant "raise[d] the same challenge to his sentence that he did in his Rule 60(b) motion," which he filed on June 7, 2010, and which was later denied by this Court on July 19, 2010. [*Id.* at 2]

## II.

Following the multitude of denials of his petitions for reconsideration, Grant has returned to this Court. On November 28, 2012, Grant filed the present motion under 28 U.S.C. § 2255, again asserting that the holding in *Begay*, 553 U.S. 137, applies retroactively and that his prior conviction for vehicular manslaughter, therefore, is not a "crime of violence" that can support his categorization as a career offender. [Record No. 76-1] Grant further argues that the Sixth Circuit's opinion in *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012), holds that "*Begay* is

retroactive," thus allowing him "to re-apply for a petition under 28 U.S.C. § 2255(f)." [Record No. 76-1, p. 12]

Grant's motion is actually an attack of earlier decisions on the merits. Grant is not asserting a defect in the integrity of the federal habeas proceedings. Instead, he is seeking to directly challenge the substance of this Court's – and the Sixth Circuit's – resolution of his claim on the merits. Thus, his motion constitutes a second or successive motion under 28 U.S.C. § 2255. *Albo v. United States*, 2012 U.S. App. LEXIS 18469 (6th Cir. Aug. 29, 2012); *West v. Bell*, 2010 U.S. App. LEXIS 23358 (6th Cir. Nov. 4, 2010); *Williams v. United States*, 2005 U.S. Dist. LEXIS 19612 (S.D. Ohio Sept. 9, 2005). As a result, this Court lacks jurisdiction to entertain the motion, and will transfer the matter to the United States Court of Appeals for the Sixth Circuit so that it can determined whether the claim may be presented. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.")

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

-9-

1.      The Clerk of the Court is **DIRECTED** to transfer Petitioner Robert James Grant's current motion [Record No. 76] to the United States Court of Appeals for the Sixth Circuit as a second or successive petition seeking relief under 28 U.S.C. § 2255.

2.      To the extent that Petitioner Robert James Grant seeks relief from this Court, that request is **DENIED,** in accordance with 28 U.S.C. § 2244(a).

3.      Further, Petitioner Robert James Grant's Motion to Proceed Without Prepayment of Fees and Affidavit [Record No. 77] is **DENIED**, as moot.

This 4th day of December, 2012.

Signed By:

**_Danny C. Reeves_**

**United States District Judge**

-10-