UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ROBERT JAMES GRANT, | ) | |
| | ) | |
| Defendant/Petitioner, | ) | Criminal Action No. 6: 04-03-DCR |
| | ) | and |
| V. | ) | Civil Action No. 6: 05-486-DCR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **MEMORANDUM ORDER** |
| Plaintiff/Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Petitioner Robert Grant's most recent motion seeking to set aside his 2004 marijuana and firearms conviction. [*See* Record No. 80 in Criminal Action No. 6: 04-03-DCR and Record No. 7 in Civil Action No. 6: 05-486-DCR.[1]] The procedural history of this case is quite lengthy and will not be repeated in this Order. However, it is set forth at length in the Memorandum Opinion and Order filed on December 4, 2012. [Record No. 78] In that opinion, the Court construed Grant's motion as a second or successive petition and transferred the matter to the United States Court of Appeals for the Sixth Circuit. This followed the denial by this Court and the United States Court of Appeals for the Sixth Circuit of motions and appeals seeking essentially the same relief *via* other procedural vehicles. [*See* Record Nos. 46 (denying relief under 28 U.S.C. § 2255); Record No. 55 (denying Certificate of Appealability); Record No. 61 (denying Rule 60(b) motion which

---

[1] Subsequent references to record entries shall be to Criminal Action No. 6: 04-03-DCR.

argued relief was appropriate due to a change in the law following the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008)); Record No. 3 in U.S. Dist., E.D. Ky., S. Div. at London, Civil Action No. 6: 07-179-DCR (denying second or successive § 2255 motion, improperly characterized as motion filed under 28 U.S.C. § 2241); Record No. 4 in U.S. Dist., E.D. Ky., S. Div. at London, Civil Action No. 6: 07-179-DCR (denial by Sixth Circuit of motion seeking permission to file a second § 2255 motion to vacate the sentence imposed by this Court); *Grant v. Pearson*, No. 09-149, 2010 U.S. Dist. LEXIS 4474, at *1 (S.D.Miss. May 6, 2010) (denying § 2241 motion which attacked the validity of the defendant's sentence rather than its execution); Record No. 75 (Sixth Circuit's denial of the defendant's motion for a writ of *coram nobis* which raised the same challenge to his sentence as did his Rule 60(b) motion); and Record No. 78 (denying defendant's § 2255 motion which contended that he should be allowed to re-apply for a petition under 28 U.S.C. § 2255(f) under the holdings in *Begay, supra*, and *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012)).

Grant's current motion seeks to re-hash arguments previously made and rejected. Under the facts presented, neither Rule 60(b) (5) nor Rule 60(b)(6) of the Federal Rules of Civil Procedure is a proper method for obtaining the relief sought by Grant. Therefore, for the reasons outlined in the earlier memorandum opinions and orders referenced above, it is hereby

**ORDERED** that Defendant/Petitioner Robert Grant's motion to vacate the Court's April 27, 2006 Order [Record No. 80 in Criminal Action No. 6: 04-03-DCR and Record No. 7 in Civil Action No. 6: 05-486-DCR.] is **DENIED**.

This 3rd day of December, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge