UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) ) ) | Criminal Action No. 6: 04-03-DCR |
| V. | ) ) | |
| ROBERT JAMES GRANT, | ) ) | **MEMORANDUM ORDER** |
| Defendant/Movant. | ) ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Defendant Robert James Grant claims to be a private man; however, he is also an incarcerated man. On September 7, 2004, Grant was sentenced to a term of imprisonment of 262 months after pleading guilty to manufacturing 100 or more marijuana plants in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). [Record No. 23] The matter is currently pending for consideration of Grant's most recent motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 84] Because Grant has previously filed motions under § 2255, the current motion constitutes a successive habeas petition that must be transferred to the United States Court of Appeals for the Sixth Circuit.

Grant filed his first motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 on September 6, 2005. [Record No. 28] On April 26, 2006, that motion was denied. [Record Nos. 46, 47] Grant appealed that determination. On November 29, 2006, the United States Court of Appeals for the Sixth Circuit denied Grant's application for a

Certificate of Appealability and rejected all of his claims. [Record No. 55] Next, on May 21, 2007, Grant filed a *pro se* motion for writ of habeas corpus under 28 U.S.C. § 2241. [U.S. Dist. Court, E.D. Ky., S. Div. at London, Civil No. 6: 07-179-DCR, Record No. 1] That motion was characterized as a second or successive habeas application and the Court directed the Clerk of the Court to transfer the proceeding to the Sixth Circuit. [*Id.*] The Sixth Circuit subsequently denied Grant's motion for permission to file a second § 2255 motion to vacate his sentence. [U.S. D.st. Court, E.D. Ky., S. Div. at London, Civil No. 6: 07-179-DCR, Record No. 3] Thereafter, Grant again attempted to challenge his conviction and judgment on November 28, 2012. [Record No. 76] In a lengthy Memorandum Opinion and Order, this Court determined that the motion was a direct challenge to the substance of this Court's and the Sixth Circuit's resolution of his claims on the merits. As a result, the motion was construed as a successive motion under § 2255 and transferred to the Sixth Circuit.[1] [Record No. 78] On October 16, 2013, the Sixth Circuit denied Grant permission to file the petition. [Record No. 79]

Grant's current motion again seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 84] However, Title 28 of the United States Code, Section 2244(a)(3)(A), provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Grant is not asserting a defect in the integrity of the federal habeas

---

[1] The Memorandum Opinion and Order sets forth the extensive procedural history in this case. [Record No. 78] The Court will not again repeat all of Grant's various attacks on his conviction and judgment.

proceedings. Instead, he has alleged numerous claims which have not been asserted in any of the prior proceedings. [Record No.84] Because this Court has previously denied habeas relief to Grant under § 2255, his current motion constitutes a successive petition. *See* 28 U.S.C. § 2244(a). Grant does not challenge this point.

> The statute provides that no district court
>
> shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a); *see* 28 U.S.C. § 2255(h) (providing standard for certification of second or successive motion). Therefore, the current motion is procedurally barred unless the Sixth Circuit determines that Grant has presented new factual evidence or demonstrated a new rule of constitutional law. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain — (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."); *see also Albo v. United States*, 498 F. App'x 490 (6th Cir. 2012); *West v. Bell*, 550 F.3d 542 (6th Cir. 2008); *Williams v. United States*, No. 2:03-CV-887, 2005 WL 2211184 (S.D. Ohio Sept. 9, 2005). While it does not appear that Grant's current claims fit within either of these exceptions, that determination must be made by the Sixth Circuit.

Based on the foregoing analysis, this Court lacks jurisdiction to entertain the present motion. As a result, the matter will be transferred to the United States Court of Appeals for the Sixth Circuit so it may determine whether Grant's current claims may be presented. Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is **DIRECTED** to transfer Defendant Robert James Grant's current motion [Record No. 84] to the United States Court of Appeals for the Sixth Circuit as a successive petition seeking relief under 28 U.S.C. § 2255 in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2. To the extent Grant seeks relief from this Court [Record No. 84], his request is **DENIED** in accordance with 28 U.S.C. § 2244(a).

This 12th day of March, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge