UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 04-03-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ROBERT JAMES GRANT, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

**** **** **** ****

This matter is currently pending for consideration of Defendant Robert James Grant's most recent motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 89]  On September 7, 2004, Grant was sentenced to a term of imprisonment of 262 months after pleading guilty to manufacturing 100 or more marijuana plants in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1).  [Record No. 23]  Because Grant has previously filed motions pursuant to § 2255, the current motion constitutes a successive habeas petition that must be transferred to the United States Court of Appeals for the Sixth Circuit.

The procedural history of this case is extensive and was set forth in the Court's prior Memorandum Opinion and Order entered December 4, 2012.  [Record No. 78]  The Court will not again repeat the various attacks Grant has made on his conviction and judgment.  He has become a habitual filer of motions under § 2255.  Grant has filed four previous motions in connection with this case, all of which have been denied.  [S*ee* Record Nos. 28, 76, 84;

and U.S. Dist. Court, E.D. Ky., S. Div. at London, Civil Action No. 6: 07-179-DCR, Record No. 1.]

Grant's current motion again seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 89] However, Title 28 of the United States Code, Section 2244(a)(3)(A), provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Grant is not asserting a defect in the integrity of the federal habeas proceedings. Instead, he asserts that pursuant to the recent Supreme Court decision in *Johnson v. United States*, No. 13–7120, — U.S. —, 135 S. Ct. 2551, — L. Ed. 2d — (U.S. June 26, 2015), his previous conviction for vehicular manslaughter should not have qualified as a predicate offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e). [Record No. 89, pp. 5–6]

Because this Court has previously denied habeas relief to Grant multiple times under § 2255, his current motion constitutes a second or successive motion. *See* 28 U.S.C. § 2244(a). Grant does not challenge this point. The statute provides that no district court,

> shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a); *see* 28 U.S.C. § 2255(h) (providing standard for certification of second or successive motion). Therefore, the motion is procedurally barred unless the United States Court of Appeals for the Sixth Circuit determines that Grant has presented new factual evidence or demonstrated a new rule of constitutional law. *Wooten v. Cauley*, 677 F.3d 303,

307 (6th Cir. 2012); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain — (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."); *see also Albo v. United States*, 498 F. App'x 490 (6th Cir. 2012); *West v. Bell*, 550 F.3d 542 (6th Cir. 2008); *Williams v. United States*, No. 2:03-CV-887, 2005 WL 2211184 (S.D. Ohio Sept. 9, 2005). Any such determination regarding these exceptions must be made by the Sixth Circuit.

Based on the foregoing analysis, the Court lacks jurisdiction to entertain the present motion. Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is **DIRECTED** to transfer Defendant Robert James Grant's current motion [Record No. 89] to the United States Court of Appeals for the Sixth Circuit as a successive petition seeking relief under 28 U.S.C. § 2255 in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2. To the extent Grant seeks relief from this Court [Record No. 89], that request is **DENIED** in accordance with 28 U.S.C. § 2244(a).

This 23rd day of July, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge