UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:4-cr-3-DCR-EBA-1

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

v.                                          **MAGISTRATE JUDGE'S**
                                    **REPORT AND RECOMMENDATION**

ROBERT JAMES GRANT,                                                    DEFENDANT.

\* \* \* \* \* \* \*

In 2004, Defendant Robert James Grant pleaded guilty to manufacturing 100 or more marijuana plants in violation of 21 U.S.C. § 841(a)(1), and to being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1).  Because his criminal history included a Michigan conviction for vehicular manslaughter, as well as another Michigan conviction for possession with intent to deliver marijuana, he was determined to be a career offender under the Guidelines and sentenced to 262 months of imprisonment followed by eight years of supervised release.  [R. 23]; see USSG §§ 4B1.1, 4B1.2.  On July 20, 2015, Defendant filed a *pro se* 28 U.S.C. § 2255 motion to vacate sentence, arguing that under Johnson v. United States, 135 S. Ct. 2551 (2015), the previous vehicular manslaughter conviction cannot be used to label him a "career offender" under the United States Sentencing Guidelines' residual clause.  Upon initial review of this apparently successive motion, the District Court transferred the matter to the United States Court of Appeals for the Sixth Circuit, which reasoned that, if the vehicular manslaughter conviction is deemed to no longer be a "crime of violence," Defendant may no longer qualify as a career offender and may no longer be subject to sentence enhancements. The Court of Appeals

1

accordingly granted Defendant's motion for permission to file a successive §2255 motion to vacate sentence, and authorized the District Court to consider the current motion.   [R. 93]. Having been referred to the undersigned for a report and recommendation, [R. 8], and for the following reasons, the undersigned recommends that Defendant's successive § 2255 petition for relief be denied.

## ANALYSIS

Defendant's presentence investigation report [R. 27] determined that his offense level under U.S.S.G. § 4B1.1 was 37 and he was labeled a "career offender" due to three convictions involving either a violent felony or serious drug offense: (1) his prior Michigan conviction for vehicular manslaughter in 1990; (2) his prior Michigan conviction for possession with intent to deliver marijuana in 1996; and (3) his 2003 guilty plea to the instant charges of manufacturing 100 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and 851, and for felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1).  Defendant does not dispute that the 1996 marijuana conviction and 2003 guilty plea to manufacturing marijuana still constitute "strikes" under the U.S.S.G., since the "controlled substance offense" portion of § 4B1.2 remains unaffected by Johnson's new substantive rule of constitutional law.  Rather, the sole question before this Court is whether Defendant's vehicular manslaughter conviction, once considered a "crime of violence," should no longer be considered a "strike" for enhancements purposes, which would in turn remove Defendant's career offender status and lower his sentencing range.

Johnson created a new substantive rule of law by declaring the residual clause of 18 U.S.C. §924(e) of the A.C.C.A. unconstitutional where its vagueness violates due process.  Id., 135 S.Ct. at 2254, 2557–59.  In the present matter, Defendant was not convicted of being an

armed career criminal under the A.C.C.A., but rather, was convicted of being a "felon in possession of firearms" under 18 U.S.C. § 922(g)(1). [R. 23]. At his sentencing, Defendant *was* labeled a career offender pursuant to U.S.S.G § 4B1.1, due to his prior felony convictions qualifying as either a "crime of violence" or a "controlled substance offense" as defined in § 4B1.2 of the U.S.S.G.

U.S.S.G. § 4B1.2, which the presentence investigation report indicates was used to calculate Defendant's enhancements, [R. 27], contains a residual clause nearly identical to the ACCA's now-invalidated residual clause, which defines a "crime of violence" for purposes of imposing career-offender sentence enhancements:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, *presented a serious potential risk of physical injury to another.*

Application Notes to U.S.S.G. § 4B1.2(a)(2). The italicized portion at the end is the U.S.S.G.'s residual clause, which has come under scrutiny following the U.S. Supreme Court's invalidation of the A.C.C.A.'s residual clause in Johnson v. United States, 135 S. Ct. 2551 (2015).

The Court finds in this matter that the Johnson rule does not affect or alter Defendant's enhanced sentence through his "career offender" status under U.S.S.G § 4B1.1, because his designation as a career offender was not based upon § 4B1.2's now-constitutionally-impermissible residual clause. Rather, this designation was based upon the fact that his prior vehicular manslaughter conviction was determined to constitute "manslaughter" under the

3

U.S.S.G.'s "crime of violence" definition.

Defendant was ultimately labeled a career offender under the U.S.S.G. due to three convictions: (1) a 1990 vehicular manslaughter conviction in Michigan state court; (2) a 1996 conviction for possession with intent to deliver marijuana in Michigan state court; and (3) the 2003 guilty plea to manufacturing marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 851, and to being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1).  Regarding his vehicular manslaughter conviction, then, it continues to be an "strike" where Johnson and the cases that follow do not affect the enumerated offenses listed at the beginning of the "crime of violence" definition, and "manslaughter" is clearly included as a predicate offense: "'Crime of violence' includes murder, *manslaughter*, kidnapping, aggravated assault, forcible sex offenses, robbery, arson…"  Application Notes to U.S.S.G. § 4B1.2(a)(2) (emphasis added).

The term "manslaughter" in the U.S.S.G. necessarily includes both types of manslaughter – voluntary and involuntary – and under Michigan law, involuntary manslaughter arises "when a death occurs without malice and unintentionally but rather as a result of gross, criminal, and culpable negligence or inadvertence."  People v. Parney, 98 Mich. App. 571, 586, 296 N.W.2d 568, 575 (1979) (internal citations omitted).  Defendant's 1996 Michigan state conviction for vehicular manslaughter falls within this definition.

Although the U.S.S.G.'s residual clause – "*otherwise involves conduct that presents a serious potential risk of physical injury to another*" – has effectively been deemed unconstitutional by the Sixth Circuit's extension of Johnson's rule regarding the A.C.C.A., see United States v. Alexander, No. 15-3088, 2016 WL 640489 (6th Cir. Feb. 18, 2016) and United States v. Darden, 605 F. App'x 545 (6th Cir. 2015), the vehicular manslaughter conviction still

constitutes a valid predicate offense, because "manslaughter" is included on the list of enumerated offenses in U.S.S.G. § 4B1.2's "crime of violence" definition, which remains valid and separate from the residual clause.  Accordingly, Defendant is not entitled to resentencing or otherwise entitled to relief where his vehicular manslaughter conviction is still a valid predicate offense for labeling him a "career offender" under U.S.S.G. § 4B1.2.

Recognizing the limits of the new substantive rule set forth in Johnson, and the extensions of Johnson to the U.S.S.G., the undersigned finds that Defendant is not entitled to resentencing nor entitled to a hearing on the issue of his status as a career offender.  The undersigned recommends that Defendant's § 2255 petition for relief be denied.

## RECOMMENDATION

Having considered the matter fully, and for the reasons stated above, the undersigned RECOMMENDS that the District Court DENY Defendant's motion for 28 U.S.C. § 2255 relief. [R. 89].  The Court directs the parties to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this recommended disposition, issued under subsection (B) of the statute.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Arn, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004).  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).

Signed March 23, 2016.



Signed By:

*Edward B. Atkins*

United States Magistrate Judge