UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 04-03-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ROBERT JAMES GRANT, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Robert Grant's fourth motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 89] In accordance with 28 U.S.C. § 636(b)(1)(B), the motion was referred to a United States Magistrate Judge for issuance of a report and recommendation. On March 23, 2016, Magistrate Judge Edward B. Atkins issued his report, recommending that Grant's motion be denied. [Record No. 94] Thereafter, Grant filed objections. [Record No. 95]

Having conducted a *de novo* review of the portions of the report to which Grant objects, the Court will adopt, in part, Magistrate Judge Atkins' Report and Recommendation, deny the relief Grant seeks, and dismiss the matter.

**I.**

On June 17, 2003, while the United States Marshals Service Deputies were executing a parole violation warrant for Grant at his residence in Wayne County, Kentucky, they discovered 162 marijuana plants and ten firearms. [Record No. 24, ¶ 3] Grant admitted to the deputies that he was cultivating marijuana. [*Id.*] Further, because the defendant had prior

- 1 -

felony convictions, he was not permitted to possess firearms.  [*Id.*]  And to make matters worse for Grant, one of the firearms was stolen.  [*Id.*]  As a result, Grant was charged with manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1); being a convicted felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1); possessing firearms while being a fugitive in violation of 18 U.S.C. § 922(g)(2); and possessing stolen firearms in violation of 18 U.S.C. § 922(j).  [Record No. 1]

On June 1, 2004, Grant pleaded guilty to violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1).  The other counts were dismissed.  [Record No. 19]  On September 7, 2004, he was sentenced to a 262-month term of imprisonment, followed by eight years of supervised release.  [Record No. 23]  Grant did not appeal his sentence.  However, on September 6, 2005, Grant filed his first motion to vacate his sentence under 28 U.S.C. § 2255.  [Record No. 28]  The Court denied that motion and declined to issue a Certificate of Appealability.  [Record No. 46]  The United States Court of Appeals for the Sixth Circuit also declined to issue a Certificate of Appealability.  [Record No. 55]

Grant filed a second motion to vacate on November 28, 2012.  [Record No. 76]  The Court transferred that motion to the Sixth Circuit because it was a successive motion under § 2255.  [Record No. 78]  The Sixth Circuit denied permission to Grant for filing a successive motion.  [Record No. 79]    Subsequently, on March 11, 2015, the defendant filed a third motion under § 2255, which was also transferred to the Sixth Circuit.  [Record Nos. 84; 85]  Before the Sixth Circuit rendered a decision on the third motion, Grant filed the present (fourth) motion to vacate [Record No. 89], which the Court transferred to the Sixth Circuit.  [Record No. 90]  On December 28, 2015, the Sixth Circuit denied Grant permission to file his

third motion under § 2255. However, on March 7, 2016, the Sixth Circuit granted the defendant permission to file his fourth motion under § 2255. [Record Nos. 92; 93]

## II.

In seeking relief under 28 U.S.C. § 2255, a defendant may assert that: the sentence was imposed in violation of the United States Constitution or federal law; the Court lacked jurisdiction; his or her sentence exceeded the maximum penalty authorized by law; or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a claim of constitutional error, a defendant must establish an error of constitutional magnitude that had a "substantial and injurious effect or impact on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

A district court must make a *de novo* determination of those portions of a magistrate judge's recommendation to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III.

In the present motion to vacate, Grant argues that his sentence is unconstitutional under the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). *Johnson* addressed the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii),[1] holding that it violates due process because it is unconstitutionally vague.

---

[1]     Defendants convicted of a violation of 18 U.S.C. § 922(g) and who have three previous convictions for a "violent felony" or "serious drug offense" are subject to an enhanced sentence under the ACCA. 18 U.S.C. § 924(e)(1). A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that:

*Johnson*, 135 S. Ct. at 2557.  Because Grant was sentenced under a similar provision in the United States Sentencing Guidelines ("U.S.S.G."), he contends that his sentence violates his due process rights.  [Record No. 89, pp. 2−3]

U.S.S.G. § 4B1.1(a) increases the sentences of those convicted of a crime of violence or a controlled substance offense who have at least two prior felony convictions of such offenses.  A "crime of violence" is defined as an offense punishable by over one year of imprisonment that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).  The first subsection is termed the "use of force" clause, while the second subsection involves the "enumerated" clause, which identifies several offenses, and the "residual clause."  *See United States v. Mitchell*, 743 F.3d 1054, 1058−60 (6th Cir. 2014); *United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009).  If a prior conviction falls within one of these categories, it constitutes a crime of violence.  *See Mitchell*, 743 F.3d at 1064.

Grant avsserts that he was sentenced under the "residual clause" in U.S.S.G. § 4B1.2(a)(2).  [Record No. 89, p. 3]  According to his Presentence Investigation Report ("PSR"), Grant was sentenced as a career offender under § 4B1.1(a) due to a prior Michigan

---

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The italicized portion is known as the "residual clause."

vehicular manslaughter conviction in 1990 and a prior Michigan drug offense in 1996. [Record No. 27, pp. 8−10]  Grant does not contest that the drug offense qualified as a "controlled substance offense" under   § 4B1.2(b).  [Record No. 89, p. 1]  He argues, however, that the vehicular manslaughter offense qualified as a "crime of violence" only under the "residual clause" of § 4B1.2(a)(2), entitling him to relief under *Johnson*.  [*Id.*, p. 3]

Magistrate Judge Atkins properly determined that the vehicular manslaughter offense qualified as a crime of violence under the enumerated clause in § 4B1.2(a)(2).  [Record No. 94, p. 4]  Even though that clause only identifies burglary of a dwelling, arson, extortion, or an offense involving explosives, the Application Notes expand the list of enumerated offenses. Manslaughter is included in that list.  U.S.S.G. § 4B1.2(a)(2), comment. (n.1).  In *United States v. Butcher*, the court held, with very little discussion, that Ohio involuntary manslaughter qualified categorically as a crime of violence.   174 F. App'x 292, 295 (6th Cir. 2006). However, in *Mitchell*, the Sixth Circuit stated that with "convictions based on one of the enumerated offenses," the Court compares "the elements of the crime of conviction with the 'generic' crime, which has been described as the 'generally accepted contemporary meaning of [the] term.'"  743 F.3d at 1064 (addressing burglary under the ACCA); *United States v. Ozier*, 796 F.3d 597, 599−600 (6th Cir. 2015) (applying this approach to the Sentencing Guidelines); *United States v. Zabawa*, 134 F. App'x 60, 65−66 (6th Cir. 2005) (ACCA case applying categorical approach to non-statutory offense).

According to several circuits, generic manslaughter is defined as "homicide" that is committed "recklessly" or murder "committed under the influence of extreme mental or emotional disturbance for which there is reasonable explanation or excuse."  *United States v. Peterson*, 629 F.3d 432, 436 (4th Cir. 2011); *United States v. Kosmes*, 792 F.3d 973, 977 (8th

Cir. 2015) (addressing U.S.S.G. § 2L1.2 comment. (n.1(B)(iii))); *United States v. Dominguez-Ochoa*, 386 F.3d 639, 646 (5th Cir. 2004) (same).  Recklessness means "conscious[] disregard [] of a substantial and unjustifiable risk that the material element will result from [the] conduct."  *Peterson*, 629 F.3d at 436 (quoting Model Penal Code § 2.02(2)(c)).

In Michigan, common law involuntary manslaughter operates under two different theories.  For example,

> [i]f the defendant committed an unlawful act that resulted in death, it is sufficient to allege the commission of the unlawful act and the resulting death; whereas, if the defendant committed a lawful act resulting in death, the prosecutor must specifically allege the manner in which the defendant's actions were grossly or culpably negligent.  That is, under *Townsend*, lawful-act manslaughter requires that the defendant acted with a *mens rea* of culpable negligence; whereas unlawful-act manslaughter does not require that the defendant acted with a specific *mens rea*—all that is required is that the defendant committed the unlawful act.[2]

*People v. Pace*, 874 N.W.2d 164, 168 (Mich. Ct. App. 2015) (quoting *People v. Holtschlag*, 684 N.W.2d 730, 739−740 (Mich. 2004) (examining *People v. Townsend*, 183 N.W. 177 (Mich. 1921))).  In other words, "unlawful act" manslaughter does not require a minimum *mens rea* of recklessness.[3]  Because one may, under some circumstances, commit involuntary manslaughter in Michigan without satisfying the elements of generic manslaughter, Michigan's version of the crime does not categorically qualify under the enumerated clause.  *See, e.g.*, *Peterson*, 629 F.3d at 437 (concluding that North Carolina's version did not

---

[2]    While a statute now addresses vehicular manslaughter in Michigan, *Pace*'s explanation properly characterizes the common law version of the crime at the time of Grant's conviction.  *See Townsend*, 183 N.W. at 179.

[3]    While "lawful act" manslaughter requires only "culpable negligence," Michigan defines this term in a way that mimics the generic definition of recklessness.  *See People v. Datema*, 533 N.W.2d 272, 277 (Mich. 1995) (defendant is not guilty of manslaughter unless he "manifests a reckless disregard of human life"); *People v. Pavlic*, 199 N.W. 373, 374 (Mich. 1924) (same).

categorically qualify where involuntary manslaughter involved "an unlawful act not amounting to a felony nor naturally dangerous to human life" or a "culpably negligent act or omission").

As a result, the Court turns to the modified categorical approach, which applies when an offense is "divisible." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Here, Michigan's version of involuntary manslaughter is divisible because it includes elements in the alternative. *See id.* at 2282; *see e.g.*, *United States v. Walker*, 595 F.3d 441, 443 (2d Cir. 2010) (applying modified categorical approach to common law crime). Under the modified categorical approach, the Court may review "terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or [] some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005). Ultimately, the Court must determine the version of the crime to which the defendant pleaded guilty. *Id.* at 21 (discussing whether "the plea had 'necessarily' rested on the fact identifying the [offense] as generic") (quoting *Taylor v. United States*, 495 U.S. 575, 602 (1990)).

The charging documents for Grant's 1990 offense stated that he drove a motor vehicle "negligently, recklessly, willfully, and wantonly," under the influence of alcohol, "causing the death of Douglas Johnson." [Record No. 76-2, p. 4] Grant pleaded guilty to that count. [*Id.*, p. 7] Because the plea necessarily rested on Grant's admission that he acted recklessly, Grant pleaded guilty to a version of the crime that corresponded with generic manslaughter. *See Shepard*, 544 U.S. at 21. Consequently, his prior conviction in Michigan for involuntary manslaughter qualified as a crime of violence under the enumerated clause of the Sentencing Guidelines. Due to Grant's sentencing under the enumerated clause, rather than the residual

- 7 -

clause, *Johnson* does not apply to his sentence. 135 S. Ct. at 2557. Thus, Grant's sentence as a career offender is constitutional, even after *Johnson*.[4]

In his objections, Grant highlights *United States v. Culbertson*, 389 F. App'x 515 (6th Cir. 2010), to demonstrate that the crime of manslaughter with a motor vehicle is not a crime of violence within the meaning of U.S.S.G. § 4B1.2(a). However, *Culbertson* addressed the "use of force" clause, rather than the enumerated clause. *Id.* at 519. Further, it dealt with the ACCA, and that statute's Application Notes do not include "manslaughter" as an enumerated offense. *Id.* at 518. While the defendant is correct that the Sixth Circuit has interpreted the Sentencing Guidelines consistent with the ACCA [Record No. 95, p. 2], the notes regarding the respective enumerated clauses create differences that the Sixth Circuit has recognized. *See, e.g.*, *United States v. Wood*, 209 F.3d 847, 850 (6th Cir. 2000). Consequently, *Culbertson* is inapplicable here.

Grant also appears to object to the Magistrate Judge's failure to use the modified categorical approach. [Record No. 95, p. 3] To the extent he makes such an argument, the Court has addressed the offense under that approach, and the Court will not adopt the portion

---

[4]     Not only does Grant's motion fail on the merits, but because *Johnson* does not apply, the motion is untimely under 28 U.S.C. § 2255(f). Under that subsection, a one-year period of limitation runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which a Government-created impediment is removed; (3) the date on which the right asserted was first recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)−(4). Grant's conviction became final on September 21, 2004, when the time period for filing an appeal expired. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004); Fed. R. App. P. 4(b)(1)(A)(i). [*See* Record No. 23.] Therefore, he had until September 21, 2005, to file his motion to vacate. Grant does not assert that the Government impeded the filing of his motion or that he has newly-discovered evidence. And *Johnson* does not apply to make the motion timely under 28 U.S.C. § 2255(f)(3). As a result, Grant's § 2255 motion is procedurally barred.

of the Report and Recommendation that relies only on the categorical approach.  [Record No. 94, p. 5]

Further, the defendant cites *United States v. Darden*, 605 F. App'x 545 (6th Cir. 2015), to support his theory that "the Sixth Circuit sent this case back to the sentencing court in order to allow this court to acknowledge that the holding in *Culbertson* applies in the instance case and to grant the relief requested."  [Record No. 95, p. 3]  However, in *Darden*, the Sixth Circuit merely remanded the case for reconsideration under *Johnson*.  The court did not hold that *Johnson* applies to the Sentencing Guidelines and did not require the lower court to find the defendant's sentence unconstitutional.[5]  Likewise, in the present case, the Sixth Circuit merely remanded for this Court to consider the applicability of *Johnson* to Grant's request.  [Record No. 93, p. 3]  Ultimately, Grant fails to demonstrate that the Court committed a constitutional error in sentencing him as a career offender.  *See Watson*, 165 F.3d at 488.  Consequently, his motion for relief under section 2255 will be denied.

## IV.

A Certificate of Appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); 28 U.S.C. § 2253(c)(2).  When the

---

[5]     It is doubtful that the holding in *Johnson* applies to the Sentencing Guidelines.  Although the Sentencing Guidelines are interpreted identically to the ACCA, the Sentencing Guidelines are not subject to the same due process challenge as the ACCA.  *United States v. Matchett*, 802 F.3d 1185, 1193–95 (11th Cir. 2015) (finding that the vagueness doctrine does not apply to the residual clause in the Sentencing Guidelines); *see also United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996) (Sentencing Guidelines are not subject to challenge based on a claim of void for vagueness); *United States v. Tichenor*, 683 F.3d 358, 364 (7th Cir. 2012).  Thus, while the residual clause of the ACCA may be void for vagueness, the residual clause of U.S.S.G. § 4B1.2(a)(2) is not.  As a result, the Court does not adopt the portion of the Magistrate Judge's analysis concerning this issue.  [Record No. 94, p. 4]

denial of a § 2255 motion is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the denial of a § 2255 motion is based on procedural grounds, a Certificate of Appealability will not issue unless "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [] jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Grant has not demonstrated that reasonable jurists would disagree regarding whether his prior involuntary manslaughter conviction constitutes an enumerated offense under U.S.S.G. § 4B1.2(a)(2). Nor has he demonstrated that reasonable jurists would disagree concerning the applicability of *Johnson* to his sentence. Further, Grant cannot show that reasonable jurists would debate whether he has validly stated a constitutional claim. Thus, he is not entitled to a Certificate of Appealability on any of the issues raised in this proceeding. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484.

Finally, Grant did not specifically request an evidentiary hearing and the record conclusively shows that he is not entitled to relief. Therefore, Magistrate Judge Atkins properly concluded that an evidentiary hearing is not warranted. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). [*See* Record No. 94, p. 5.]

## V.

The Court having conducted a *de novo* review of the issues raised by Grant in his objections [Record No. 95] to Magistrate Judge Atkins' Report and Recommendation [Record No. 94], it is hereby

**ORDERED** as follows:

1.      The Report and Recommendation of Magistrate Judge Edward B. Atkins [Record No. 94] is **ADOPTED** and **INCORPORATED**, **in PART**, as explained more fully above.

2.      Defendant Robert Grant's objections [Record No. 95] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

3.      Defendant Grant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 89] is **DENIED**, and this matter is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

4.      The Court declines to issue a Certificate of Appealability on any issue.

5.      A Judgment in favor of the United States shall issue this date.

This 12th day of April, 2016.

Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**

- 11 -